IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox,   #75206, | C/A No.: 3:13-857-TMC-JRM |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Attorney General Allen Wilson, | |
| Defendant. | |

This matter is before the court on a *pro se* civil rights complaint.[1] Plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. However, Plaintiff's request to proceed *in forma pauperis* should be denied and Plaintiff's complaint should be dismissed without prejudice if he fails to timely pay the filing fee, because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. *See Blakely v. Wards*, 701 F.3d 995, 1001 (4th Cir. 2012) ("The impetus behind the enactment of the PLRA was a concern about the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

'endless floor of frivolous litigation' brought by inmates.") (quoting *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009)). To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.[2] A prisoner may also avoid application of § 1915(g) and proceed *in forma pauperis* if his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

Plaintiff is incarcerated at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). The instant complaint claims that the "three (3) strikes law does not apply to this 1983 complaint" because the law came into effect after Plaintiff's conviction. ECF No. 1 at 3. Plaintiff further alleges that the "second successive PCR Act" is unconstitutional because "it denies a U.S. Citizen their freedom from slavery & involuntary servitude from [an] illegal conviction and sentence within the United States." *Id.* at 4. Plaintiff asks the Court to award monetary damages and grant him a "new PCR hearing" so that he may "be set free from illegal convictions that hold [Plaintiff] in slavery and involuntary servitude." *Id.* at 5.

A court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Therefore, it can be judicially noticed that Plaintiff has filed three prior cases in this court, which have been dismissed with prejudice, as frivolous, and deemed "strikes" under § 1915(g). *See Cox v. U.S. Att'y Gen., et al.*, C/A No. 3:12-591-TMC, 2012 WL 1570093 (D.S.C. May 3, 2012); *Cox v. S.C. Dep't of Corr. Dir. Jon E. Ozmint, et al.*,

---

[2] All civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

C/A No. 3:12-225-TMC, 2012 WL 1415149 (D.S.C. April 24, 2012); *Cox v. United States*, C/A No. 3:12-50-TMC, 2012 WL 1158861 (D.S.C. April 9, 2012). Plaintiff also has three additional cases which were deemed strikes in 1997, prior to the Fourth Circuit's opinion in *McLean v. United States of America*, 566 F.3d at 395 (4th Cir. 2009) (holding that dismissal without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g)).[3] In light of Plaintiff's recently issued "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Torres*, 612 F.3d at 246. This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full filing fee.

In addition, it is noted that the complaint would be subject to summary dismissal even if Plaintiff's claims were not barred by the "three strikes" rule. As the chief prosecuting officer of this State, *see* S.C. Const. art. V, § 24, the South Carolina Attorney General is entitled to prosecutorial immunity for activities within the judicial process. *See Imbler v. Pachtman*, 424 U.S. 409, 424–31 (1976) (discussing the need for prosecutors to have absolute immunity); *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 272–73 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Burns v. Reed,* 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000). Therefore, Attorney General Allen Wilson is protected by absolute prosecutorial immunity, from

---

[3] *See Cox v. Geraldine P. Miro, et al.*, C/A No. 3:97-3501-CES (D.S.C. Nov. 25, 1997); *Cox v. Geraldine P. Miro*, C/A No. 3:97-2177-CES (D.S.C. Sept. 10, 1997); *Cox v. Geraldine P. Miro, et al.*, C/A No. 3:97-1941-CES (D.S.C. Sept. 10, 1997).

Plaintiff's claims for damages. Further, to the extent Plaintiff seeks freedom from an allegedly illegal conviction, ECF No. 1 at 5, such relief is not available in a civil rights action. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

### Recommendation

It is recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **denied**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation to pay the filing fee ($350), and that the Office of the Clerk of Court withhold entry of judgment until such time expires.

If Plaintiff fails to timely pay the filing fee, it is further recommended that the complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the twenty-one day period permitted for payment of the filing fee. **Plaintiff's attention is directed to the important Notice on the next page.**

IT IS SO RECOMMENDED.

April 26, 2013  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).